IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-10832
Summary Calendar

_____

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

BONIFACE SULEMAN ODIODIO, also known as Boniface
Odiodio Suleman; VICTOR AMEACHI UZOH, also known
as Victor Uzoh

Defendants - Appellants

--------------------
Appeals from the United States District Court
for the Northern District of Texas
USDC No. 3:99-CR-236-2-D
--------------------
February 1, 2002

Before KING, Chief Judge, and HIGGINBOTHAM and BENAVIDES, Circuit
Judges.

PER CURIAM:[*]

Boniface Suleman Odiodio and Victor Ameachi Uzoh were
convicted of several counts of money laundering, wire fraud, and
bank fraud in violation of 18 U.S.C. §§ 2, 1343, 1344, and 1957 .
In the first appeal in this matter, a panel of this court
reversed the bank fraud counts, affirmed the other convictions,
and remanded for resentencing.  See United States v. Odiodio, 244
F.3d 398 (5th Cir. 2001).  Uzoh and Odiodio appeal their
sentences following remand.

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

Uzoh argues that the district court erred in assessing a two-point enhancement to his base offense level pursuant to U.S.S.G. § 3B1.1(c). Uzoh has not established plain error in relation to this issue. See United States v. Castillo, 179 F.3d 321, 326, 330 (5th Cir. 1999), reversed on other grounds by Castillo v. United States, 530 U.S. 120, 130 (2000).

Odiodio next argues that the district court erred in basing his sentence on the money-laundering charge. He contends that the bank-fraud conviction was an essential element of his money laundering offense. Thus, he contends, this court's reversal of his bank-fraud charge rendered his money-laundering conviction invalid. Uzoh adopts Odiodio's argument on this issue pursuant to Fed. R. App. P. 28(i).

This argument, although labeled as a challenge to Odiodio's sentence, is really a challenge to the sufficiency of the evidence supporting his conviction on the money-laundering charge. Odiodio raised this argument in his initial appeal, and it was rejected. See Odiodio, 244 F.3d at 404. Consequently, the law-of-the-case doctrine governs consideration of this issue. See United States v. Becerra, 155 F.3d 740, 752 (5th Cir. 1998). Odiodio has not shown that our previous rejection of this argument was "dead wrong" and thus has not shown that he is entitled to relief on this issue. See Hopwood v. Texas, 236 F.3d 256, 272-73 (5th Cir. 2000). Because Odiodio has not shown that he is entitled to relief on this issue, Uzoh is likewise not entitled to relief on this issue.

Odiodio argues that the district court engaged in impermissible double-counting by enhancing his base offense level by two levels pursuant to § 2S1.2(b)(1)(B). As with Uzoh's § 3B1.1(c) argument, this issue was waived when it was not raised in the initial appeal and is reviewed for plain error only. Castillo, 179 F.3d at 326. Uzoh adopts Odiodio's argument on this issue pursuant to Fed. R. App. P. 28(i).

Odiodio misrepresents § 2S1.2(b)(1)(B). This guideline specifically calls for the double-counting of which Odiodio complains. This double-counting is thus mandatory, and Odiodio has not established plain error in relation to this enhancement. See United States v. Box, 50 F.3d 345, 359 (5th Cir. 1995). Because Odiodio has not shown that he is entitled to relief on this issue, Uzoh is likewise not entitled to relief on this issue.

The appellants have not established error in connection with the district court's resentencing of them following remand. Accordingly, the judgment of the district court is AFFIRMED.